UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-CV-22432-KMW

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

_____/

**PLAINTIFF'S EXPEDITED MOTION TO EXTEND *EX PARTE* TEMPORARY RESTRAINING ORDER AND RESCHEDULE HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, The Smiley Company SPRL ("Plaintiff"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 65(b)(2) and L.R. 7.1(d)(2), respectfully moves on an expedited basis for an order extending the Court's Sealed Order granting *ex parte* application for entry of a Temporary Restraining Order (Dkt. 13) (the "TRO"), presently scheduled to expire following an August 22, 2023 hearing scheduled before Magistrate Judge Reid.

Plaintiff requests a 14-day extension to the temporary restraining order to expire on September 5, 2023, and for the preliminary injunction hearing to be rescheduled accordingly. This extension is necessary so that Plaintiff can receive Defendants' identifying information from the third-party platform Red Bubble in order to effectuate service on Defendants, as well as to give Defendants fair notice of any preliminary injunction hearing.

This motion is being brought on an expedited basis pursuant to L.R. 7.1(d)(2) because it is a time-sensitive motion that does not qualify as an emergency, and Plaintiff requires a ruling prior to the presently scheduled August 22, 2023 hearing.

In support of this motion, Plaintiff respectfully refers the Court to the following Memorandum of Law:

## MEMORANDUM OF LAW

1. On August 8, 2023, this Court issued its TRO adopting Magistrate Judge Reid's Report and Recommendation granting Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order (Dkt. No. 11) (the "Report"). The TRO set a preliminary injunction hearing schedule requiring Defendants to serve responses or oppositions by August 16, 2023, and Plaintiff to serve reply papers by August 18, 2023. TRO, at 2-3. A preliminary injunction hearing was also scheduled before Magistrate Judge Reid on August 22, 2023.

2. On August 9, 2023 Plaintiff served Red Bubble, the third-party online storefront hosting services, a copy of the TRO as well Plaintiff's subpoena to identify the Defendants on Schedule "A" and to restrain the respective accounts of the Defendants. Although the Court also granted Plaintiff alternative service by e-mail on Defendants (Dkt. 12), service cannot occur until the Defendants are identified in response to the subpoenas.

3. Rule 45 subpoenas must allow a reasonable time for compliance. Fed. R. Civ. P. 45(d)(3)(A). Each subpoena allowed the respective platforms fourteen (14) days to respond – commanding production on or before August 23, 2023.

4. Red Bubble has not yet provided Defendants' identifying information. The undersigned spoke, by phone, with Red Bubble counsel yesterday, August 16, 2023, who indicated that the platform is working diligently to collect and provide the identifying information but was

still in the process of accumulating that information. Red Bubble was optimistic it could serve this information within the next few business days.

5. Prior to a preliminary injunction hearing, Rule 65 requires that the nonmoving party be provided notice and an opportunity to present its opposition. *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991); *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). While Rule 65 does not define "notice," the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Id.* (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 434 n. 7 (1974)).

6. Pursuant to Rule 65, this Court may issue a temporary restraining order for a period of fourteen (14) days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time. Fed. R. Civ. P. 65(b)(2). "There is authority for the proposition that, under appropriate circumstances, a court may extend a TRO beyond 28 days." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, Case No. 2:11-cv-00742, 2011 WL 4368418, at *1 (E.D. Wis. Sept. 19, 2011); *see also Almetals, Inc. v. Wickender Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067, at *2-3 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service under Hague Convention); *Assocs. Fin. Servc. Co., Inc. v. Mercantile Mortgage Co.*, 727 F.Supp. 371, 375 (N.D. Ill. 1989) (granting several month extension because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction.").

7. Here, there is good cause to extend the TRO because Plaintiff is uncertain when it will be able to serve Defendants. The best-case scenario, it seems, is that Defendants will be served just one or two business days prior to the presently scheduled preliminary injunction hearing.

Although Plaintiff diligently and expeditiously proceeded to serve its subpoenas and a copy of the TRO, even if the platform was instantaneously served its subpoena after the TRO was issued, it is extremely unlikely that Plaintiff would have received the platform's reply by the preliminary injunction hearing, yet alone been able to serve the Defendants and afford them reasonable notice of a preliminary injunction hearing. Plaintiff respectfully submits that this 14-day extension is the reasonably soonest timeframe it can effectuate service such that Defendants would be afforded a fair opportunity to oppose the application or entry of a preliminary injunction.

WHEREFORE, Plaintiff respectfully requests that the TRO be extended by at least 14 days, to expire after the conclusion of an appropriately re-scheduled preliminary injunction hearing on or about September 5, 2023.

Date: August 17, 2023

Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*/s/ A. Robert Weaver*
A. Robert Weaver
Fla. Bar No. 92132
Email: rweaver@brickellip.com

*Counsel for Plaintiff*